■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER STINSON, Appellant. [650 NYS2d 703] —Judgment of the Supreme Court, New York County (Alvin Schlesinger, J.), rendered October 18, 1993, convicting defendant, after jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to an indeterminate term of imprisonment of from $3^1/_2$ to 7 years, unanimously affirmed. Order of the same court and Justice, entered on or about March 6, 1995, which denied defendant's motion to vacate judgment, unanimously affirmed.

In a prior trial, defendant was found guilty of robbery in the first degree and assault in the second degree, but acquitted of criminal possession of a weapon in the third degree. This Court reversed the judgment of conviction and remanded the case for a new trial, finding that the jurors were given improper instructions with respect to both defendant's failure to testify and the burden of proof (*People v Stinson*, 186 AD2d 23).

On appeal from the second trial, in which defendant was convicted of assault in the second degree but acquitted of robbery in the first degree, the other remaining charge in the

indictment, defendant asserts that Supreme Court erred in permitting the People, over objection, to introduce a knife, recovered near the scene, as the knife used in the robbery and assault.

At the first trial, the People took the position that they were not required to establish that the knife entered into evidence was "the knife that was used." The court instructed the jurors that "you don't have to rely upon the specific knife introduced into evidence to reach a conclusion. You can reach a conclusion on all the evidence that has been submitted to you." The jury returned a verdict, convicting defendant of robbery in the first degree and assault in the second degree, but acquitting him of criminal possession of a weapon in the third degree.

It is reasonably clear that defendant's acquittal on the weapon's possession charge indicated that the jury in the first trial did not believe that the knife entered into evidence was the knife used in the robbery. Therefore, the People were collaterally estopped from offering the same knife into evidence at the second trial on the theory that it was used to carry out the robbery (*People v Acevedo*, 69 NY2d 478, 488-489). However, the error is harmless in view of the overwhelming evidence, including the testimony of two eyewitnesses, establishing that the injuries sustained by the victim were the result of a knife attack by defendant.

The claims raised in defendant's *pro se* CPL article 440 motion, appealed by permission of the Court, are reflected in the record and therefore must be raised by direct appeal (*People v Shapiro*, 3 NY2d 203, 205; *see also, People v Brown*, 13 NY2d 201, 205). As such, the motion was properly denied. Finally, we perceive no abuse of sentencing discretion.

Defendant's other contentions have been examined and found to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.