Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered August 19, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from three judgments, each of which convicted him, upon his plea of guilty, of one count of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). Each count arose from a distinct occurrence involving oxycodone pills. In all three appeals, defendant contends that his pleas should be vacated because, during the plea colloquy, County Court failed to conduct the requisite further inquiry after defendant negated an essential element of the crimes to which he pleaded guilty by stating that he had a valid prescription for the oxycodone pills and thus that his attempted possession was not unlawful. We reject that contention. The record establishes that, during the plea colloquy, defendant did not state that he had a prescription for oxycodone but, rather, he stated that he had a prescription for a "different . . . medication." We therefore conclude that the colloquy did not negate an essential element of attempted criminal possession of a controlled substance in the third degree, and thus the court had no duty to conduct a further inquiry to ensure that defendant understood the nature of the charges and that the pleas were intelligently entered (*see generally People v Lopez*, 71 NY2d 662, 666 [1988]).

Although defendant's contention that he received ineffective assistance of counsel during the plea bargaining stage survives his guilty pleas to the extent that he contends that his pleas were infected by the alleged ineffective assistance (*see People v Neil*, 112 AD3d 1335, 1336 [2013], *lv denied* 23 NY3d 1040 [2014]), we reject that contention (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Specifically, defendant contends that defense counsel erred in allowing him to plead guilty after he stated during the colloquy that he lawfully possessed the oxycodone but, as noted herein, defendant did not in fact state that he had a prescription for the oxycodone pills. Present—Whalen, P.J., Centra, Lindley, DeJoseph and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAIGTH A. OLLMAN, Appellant. (Appeal No. 2.) [46 NYS3d 458]— Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered August 19, 2013. The judgment

convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Same memorandum as in *People v Ollman* ([appeal No. 1] 147 AD3d 1452 [2017]). Present—Whalen, P.J., Centra, Lindley, DeJoseph and Scudder, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAIGTH A. OLLMAN, Appellant. (Appeal No. 3.) [46 NYS3d 459]— Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered August 19, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Same memorandum as in *People v Ollman* ([appeal No. 1] 147 AD3d 1452 [2017]). Present—Whalen, P.J., Centra, Lindley, DeJoseph and Scudder, JJ.

 SONYA J. O'HARA, Appellant, v HOLIDAY FARM et al., Respondents. [46 NYS3d 382]—

Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered March 4, 2016. The order, among other things, granted the motion of defendant Christina Piemonte for summary judgment dismissing the amended complaint against her.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when her vehicle collided with a horse owned by Christina Piemonte (defendant). The horse had escaped from a stall at defendant Holiday Farm, which was owned and operated by defendants Donald Schwartz and Marcia Schwartz. Plaintiff, as limited by her brief, appeals from an order that, inter alia, granted defendant's motion for summary judgment dismissing the amended complaint against her. As a preliminary matter, we note Supreme Court's failure to set forth its reasons for granting defendant's motion (*see generally McMillian v Burden*, 136 AD3d 1342, 1343 [2016]).

Contrary to plaintiff's contention, the court properly granted