People v Hunter (2022 NY Slip Op 01922)





People v Hunter


2022 NY Slip Op 01922


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND BANNISTER, JJ.


221 KA 17-01696

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
QUALIN J. HUNTER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered August 16, 2017. The judgment convicted defendant upon a plea of guilty of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that he did not validly waive his right to appeal and that the postrelease supervision portion of his sentence is unduly harsh and severe. We agree with defendant that his waiver of the right to appeal is invalid. Defendant orally waived his right to appeal and executed a written waiver of the right to appeal. The language in the written waiver, however, is "inaccurate and misleading insofar as it purports to impose 'an absolute bar to the taking of a direct appeal' and purports to deprive defendant of [his] 'attendant rights to counsel and poor person relief, [as well as] all postconviction relief separate from the direct appeal' " (People v Hughes, 199 AD3d 1332, 1333 [4th Dept 2021]; see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Although Supreme Court's colloquy referred to issues that would still be preserved for appeal, including "constitutional issues" and "jurisdictional issues," the court's verbal statements, "did nothing to counter the other inaccuracies set forth in the written appeal waiver" (Hughes, 199 AD3d at 1333). A waiver "cannot be upheld . . . on the theory that the offending language can be ignored and that [it is] enforceable based on the court's few correctly spoken terms" (Thomas, 34 NY3d at 566).
We nevertheless reject defendant's contention that the period of postrelease supervision was harsh and excessive. Defendant's status as a second felony offender required that a five-year term of postrelease supervision be imposed as part of his sentence (see Penal Law §§ 70.06 (2), (6); 70.45 [2]).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court