People v Barzee (2022 NY Slip Op 02674)

People v Barzee

2022 NY Slip Op 02674

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.

240 KA 20-01020

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAIO BARZEE, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
SAIO BARZEE, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered June 20, 2013. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law
§ 160.15 [3]). We affirm.
Initially, as defendant contends in his main brief and as the People correctly concede, defendant's waiver of the right to appeal is invalid. Here, "there is no basis [in the record] upon which to conclude that [County Court] ensured 'that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Jones, 107 AD3d 1589, 1590 [4th Dept 2013], lv denied 21 NY3d 1075 [2013], quoting People v Lopez, 6 NY3d 248, 256 [2006]). In addition, the court mischaracterized the waiver as an "absolute bar" to the taking of an appeal (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Osborn, 198 AD3d 1363, 1363 [4th Dept 2021], lv denied 37 NY3d 1163 [2022]).
Defendant contends in his main and pro se supplemental briefs that his plea was not knowingly, voluntarily, and intelligently entered because the court threatened to impose a greater sentence in the event of a conviction following trial. Although that contention would survive even a valid waiver of the right to appeal (see People v Juarbe, 162 AD3d 1625, 1625 [4th Dept 2018]), defendant failed to move to withdraw his plea or to vacate the judgment of conviction on that ground and thus failed to preserve his contention for our review (see id. at 1625-1626; People v Kelly, 145 AD3d 1431, 1431 [4th Dept 2016], lv denied 29 NY3d 949 [2017]; see generally People v Grimes, 53 AD3d 1055, 1056 [4th Dept 2008], lv denied 11 NY3d 789 [2008]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; Kelly, 145 AD3d at 1431).
Defendant's additional challenges in his pro se supplemental brief to the voluntariness of his plea are likewise not preserved for our review (see People v White, 156 AD3d 1489, 1490 [4th Dept 2017], lv denied 31 NY3d 988 [2018]). Defendant also failed to preserve for our review the contention in his pro se supplemental brief that the court was biased against him and should have recused itself (see CPL 470.05 [2]; People v Prado, 4 NY3d 725, 726 [2004], rearg denied 4 NY3d 795 [2005]; People v Wyzykowski, 120 AD3d 1603, 1603 [4th Dept 2014], lv denied 24 NY3d 1090 [2014]; People v Jones, 79 AD3d 1773, 1773-1774 [4th Dept 2010], lv [*2]denied 16 NY3d 832 [2011]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further contends in his pro se supplemental brief that he was denied effective assistance of counsel, which rendered his plea involuntary, because his attorneys, among other things, failed to properly investigate, did not adequately seek discovery, failed to move to suppress certain evidence, provided improper advice, and coerced him into pleading guilty. Defendant's contention survives his guilty plea "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney[s'] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]; see People v Johnson, 195 AD3d 1420, 1421 [4th Dept 2021], lv denied 37 NY3d 1146 [2021]; People v Spencer, 170 AD3d 1614, 1615 [4th Dept 2019], lv denied 37 NY3d 974 [2021]). Here, defendant's contention "is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a mixed claim of ineffective assistance" (Johnson, 195 AD3d at 1421 [internal quotation marks omitted]; see People v Frazier, 63 AD3d 1633, 1634 [4th Dept 2009], lv denied 12 NY3d 925 [2009]). Where, as here, "the 'claim of ineffective assistance of counsel cannot be resolved without reference to matter outside of the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the [mixed] claim' " to the extent it survives the guilty plea (People v Wilson [appeal No. 2], 162 AD3d 1591, 1592 [4th Dept 2018]; see Johnson, 195 AD3d at 1422; see generally People v Maffei, 35 NY3d 264, 269-270 [2020]).
We have considered the remaining contentions in defendant's pro se supplemental brief and conclude that none warrants modification or
reversal of the judgment.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court