People v Rumph (2022 NY Slip Op 04492)

People v Rumph

2022 NY Slip Op 04492

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND WINSLOW, JJ.

509 KA 18-01871

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYSEAN RUMPH, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered March 28, 2018. The judgment convicted defendant upon a plea of guilty of manslaughter in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe.
We agree with defendant that the waiver of the right to appeal is invalid. Defendant orally waived his right to appeal and executed a written waiver thereof. The language in the written waiver is inaccurate and misleading insofar as it purports to impose "an absolute bar to the taking of a direct appeal" and purports to deprive defendant of his "attendant rights to counsel and poor person relief, [as well as] all postconviction relief separate from the direct appeal" (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Although Supreme Court's colloquy regarding the waiver of the right to appeal remedied some of "the mischaracterization[s,] . . . [t]he court's verbal statements . . . did nothing to counter the other inaccuracies set forth in the written appeal waiver" (People v Hughes, 199 AD3d 1332, 1333 [4th Dept 2021]). A "waiver[] cannot be upheld . . . on the theory that the offending language can be ignored and that [it is] enforceable based on the court's few correctly spoken terms" (Thomas, 34 NY3d at 566).
However, we reject defendant's contention that the bargained-for sentence is unduly harsh and severe.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court