People v Robbins (2023 NY Slip Op 00603)

People v Robbins

2023 NY Slip Op 00603

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, BANNISTER, MONTOUR, AND OGDEN, JJ.

1022 KA 18-00718

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEITH ROBBINS, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JOHN J. MORRISSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JASON L. SCHMIDT, DISTRICT ATTORNEY, MAYVILLE (ANDREW M. MOLITOR OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Chautauqua County Court (David W. Foley, J.), rendered December 18, 2017. The judgment convicted defendant upon a plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [2]), defendant contends that his waiver of the right to appeal is invalid and thus does not foreclose his challenge to the severity of the negotiated sentence. We agree. Here, "there is no basis [in the record] upon which to conclude that [County Court] ensured 'that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Jones, 107 AD3d 1589, 1590 [4th Dept 2013], lv denied 21 NY3d 1075 [2013], quoting People v Lopez, 6 NY3d 248, 256 [2006]; see People v Barzee, 204 AD3d 1422, 1422 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court