People v Fernandez (2023 NY Slip Op 04029)

People v Fernandez

2023 NY Slip Op 04029

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

446 KA 20-00259

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LUIS FERNANDEZ, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 20, 2019. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree and attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and attempted criminal possession of a weapon in the second degree (§§ 110.00, 265.03 [3]), arising from the execution of a search warrant at the apartment of defendant's codefendant following a months-long narcotics investigation. We affirm.
Preliminarily, we agree with defendant that, contrary to the People's assertion, the waiver of the right to appeal is invalid. Defendant orally waived his right to appeal and executed a written waiver thereof. The language in the written waiver is inaccurate and misleading insofar as it purports to impose "an absolute bar to the taking of a direct appeal" and to deprive defendant of his "attendant rights to counsel and poor person relief, [as well as] all postconviction relief separate from the direct appeal" (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Rumph, 207 AD3d 1209, 1210 [4th Dept 2022], lv denied 39 NY3d 1075 [2023]; People v Hunter, 203 AD3d 1686, 1686 [4th Dept 2022], lv denied 38 NY3d 1033 [2022]; People v Hughes, 199 AD3d 1332, 1333 [4th Dept 2021]). Although Supreme Court's colloquy "referred to issues that would still be preserved for appeal, including 'constitutional issues' and 'jurisdictional issues,' " the court's verbal statements " 'did nothing to counter the other inaccuracies set forth in the written appeal waiver' " (Hunter, 203 AD3d at 1686; see Rumph, 207 AD3d at 1210; Hughes, 199 AD3d at 1333). A waiver "cannot be upheld . . . on the theory that the offending language can be ignored and that [it is] enforceable based on the court's few correctly spoken terms" (Thomas, 34 NY3d at 566; see Rumph, 207 AD3d at 1210; Hunter, 203 AD3d at 1686; Hughes, 199 AD3d at 1333).
Contrary to defendant's contention, however, we conclude that the court "did not abuse its discretion in denying, without an evidentiary hearing, that branch of defendant's motion which was to suppress the physical evidence recovered upon the search of the apartment pursuant to a search warrant . . . , because the allegations in the motion papers were insufficient to warrant a hearing" (People v Ibarguen, 37 NY3d 1107, 1108 [2021], cert denied — US &mdash, 142 S Ct 2650 [2022]). In particular, defendant "failed to sufficiently allege standing to challenge the search of the subject premises" (id. at 1109 [internal quotation marks omitted]; see People v Smith, 155 AD3d 1674, 1675 [4th Dept 2017], lv denied 30 NY3d 1120 [2018]; People v Fields, 294 AD2d 916, 916 [4th Dept 2002], lv denied 98 NY2d 696 [2002]).
Defendant also contends that he was denied effective assistance of counsel because defense counsel failed to move to suppress the contents of intercepted communications or evidence derived therefrom. According to defendant, defense counsel should have made such a motion on the ground that the People's timely CPL 700.70 notice was incomplete insofar as it purportedly omitted additional eavesdropping warrants and accompanying applications under which interception of defendant's communications was authorized or approved. Defendant's contention survives his guilty plea "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]; see People v Barzee, 204 AD3d 1422, 1423 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]; People v Spencer, 170 AD3d 1614, 1615 [4th Dept 2019], lv denied 37 NY3d 974 [2021]). Here, defendant's contention "is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a mixed claim of ineffective assistance" (Barzee, 204 AD3d at 1423; see People v Johnson, 195 AD3d 1420, 1421-1422 [4th Dept 2021], lv denied 37 NY3d 1146 [2021]). Where, as here, "the 'claim of ineffective assistance of counsel cannot be resolved without reference to matter outside of the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the [mixed] claim' " to the extent it survives the guilty plea (People v Wilson [appeal No. 2], 162 AD3d 1591, 1592 [4th Dept 2018]; see Barzee, 204 AD3d at 1423; Johnson, 195 AD3d at 1422; see generally People v Maffei, 35 NY3d 264, 269-270 [2020]).
Defendant contends that his plea was not knowing, intelligent, and voluntary because he was coerced into pleading guilty by the court's denial of his request for new counsel. Defendant did not move to withdraw his plea or to vacate the judgment of conviction and therefore, as defendant correctly concedes, he failed to preserve his contention for our review (see People v Hobart, 286 AD2d 916, 916 [4th Dept 2001], lv denied 97 NY2d 683 [2001]; see also People v Campbell, 210 AD3d 1509, 1510 [4th Dept 2022], lv denied 39 NY3d 1071 [2023]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Relatedly, defendant contends that the court erred in denying his request for new counsel without conducting the requisite minimal inquiry into his complaints about defense counsel. Defendant's contention "is encompassed by the plea . . . except to the extent that the contention implicates the voluntariness of the plea" (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012] [internal quotation marks omitted]; see People v Seymore, 188 AD3d 1767, 1769 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]; People v Harris, 182 AD3d 992, 994 [4th Dept 2020], lv denied 35 NY3d 1066 [2020]). As previously stated, however, defendant's challenge to the voluntariness of the plea is not preserved for our review (see Seymore, 188 AD3d at 1769; People v Rolfe, 83 AD3d 1219, 1220 [3d Dept 2011], lv denied 17 NY3d 809 [2011]). In any event, to the extent that defendant's contention implicates the voluntariness of the plea, and assuming, arguendo, that defendant's expressed desire to relieve retained defense counsel constituted a request for an opportunity to retain new counsel or for substitution of assigned counsel for retained counsel (see generally People v Harris, 151 AD3d 1720, 1721 [4th Dept 2017], lv denied 30 NY3d 950 [2017]), we conclude that defendant abandoned that request when he decided to plead guilty while still being represented by the same attorney (see People v Williams, 210 AD3d 1507, 1507 [4th Dept 2022], lv denied 39 NY3d 1081 [2023]; People v Clemons, 201 AD3d 1355, 1355 [4th Dept 2022], lv denied 38 NY3d 1032 [2022]). During the plea proceeding, defense counsel represented that defendant was willing to withdraw his prior complaints, defendant did not express dissatisfaction with defense counsel and, upon questioning by the court, defendant expressly declined to assert any disapproval of defense counsel's representation (see Williams, 210 AD3d at 1507; People v Turner, 197 AD3d 997, 1000 [4th Dept 2021], lv denied 37 NY3d 1061 [2021]).
Defendant further contends that his sentence is unduly harsh and severe; however, we perceive no basis in the record to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). Finally, although the certificate of conviction and uniform sentence and commitment form correctly reflect that defendant was sentenced as a second violent felony offender on the class D violent felony offense of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]; see § 70.02 [1] [b], [c]), those documents must be amended to also reflect defendant's sentencing as a [*2]second felony drug offender previously convicted of a violent felony on the class A-I felony of criminal possession of a controlled substance in the first degree (§ 220.21 [1]; see § 70.71 [4] [a], [b] [i]; People v Manners, 196 AD3d 1125, 1127 [4th Dept 2021], lv denied 37 NY3d 1028 [2021]; see generally People v Lewis, 208 AD3d 989, 992 [4th Dept 2022], lv denied 39 NY3d 941 [2022]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court