People v Ocasio (2023 NY Slip Op 06623)

People v Ocasio

2023 NY Slip Op 06623

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, GREENWOOD, NOWAK, AND DELCONTE, JJ.

818 KA 20-00312

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AGUSTIN OCASIO, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT.
AGUSTIN OCASIO, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 20, 2019. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree and attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and attempted criminal possession of a weapon in the second degree (§§ 110.00, 265.03 [3]). The conviction arose from a long-term narcotics investigation involving physical surveillance and multiple eavesdropping warrants, including one for a cellular telephone referred to as "Ocasio Phone 2" that was identified as being "utilized by" defendant (Phone 2 warrant). In April 2019, a search warrant was issued based, in part, on evidence obtained from the Phone 2 warrant. During execution of the search warrant, a kilogram of cocaine and a loaded handgun were found in a heating duct in the basement of the multi-unit apartment house at which defendant resided.
Preliminarily, defendant contends in his main brief, and we agree, that, contrary to the People's assertion, the waiver of the right to appeal is invalid (see generally People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). The language in the written waiver is inaccurate and misleading insofar as it purports to waive "any and all rights to appeal," and Supreme Court's advisement during the oral colloquy that there are, nonetheless, "certain issues that are always preserved for appeal[,] [c]onstitutional issues, jurisdictional issues," was not sufficient to counter that inaccuracy (see People v Fernandez, 218 AD3d 1257, 1257-1258 [4th Dept 2023], lv denied 40 NY3d 1012 [2023]; People v Hunter, 203 AD3d 1686, 1686 [4th Dept 2022], lv denied 38 NY3d 1033 [2022]).
Defendant also contends in his main brief that the attempted criminal possession of a weapon count of which he was convicted should be dismissed because Penal Law § 265.03 is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). Inasmuch as defendant failed to raise a constitutional challenge to the statute during the proceedings in Supreme Court, any such challenge is not preserved for our review (see People v Maddox, 218 AD3d 1154, 1154 [4th Dept 2023]; see also People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]), and we decline to exercise our power to review defendant's unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Contrary to defendant's contentions, his "challenge to the constitutionality of a statute must be preserved" [*2](People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]; see People v Cabrera, — NY3d &mdash, 2023 NY Slip Op 05968, *2-7 [2023]) and the mode of proceedings exception to the preservation requirement does not apply (see People v David, — NY3d &mdash, 2023 NY Slip Op 05970, *3-4 [2023]; People v Adames, 216 AD3d 519, 520 [1st Dept 2023], lv denied 40 NY3d 949 [2023]).
Defendant contends in his pro se supplemental brief that the court erred in determining that he lacked standing to contest the search of the basement where the cocaine and handgun were found on the ground that the search exceeded the scope of the search warrant. We reject that contention. "In order to have standing to contest the search of a premises, [a] defendant must establish . . . a reasonable expectation of privacy in the area searched" (People v Gonzalez, 45 AD3d 696 [2d Dept 2007], lv denied 10 NY3d 811 [2008]; see People v Leach, 21 NY3d 969, 971 [2013]). As the People correctly asserted in opposition to that part of defendant's omnibus motion seeking to suppress the physical evidence recovered upon the search of the basement, defendant failed to allege that he had any reasonable expectation of privacy in the basement, a storage area that was not associated with his apartment. Thus, we conclude that the court "did not abuse its discretion in denying, without an evidentiary hearing, that branch of defendant's motion" (Fernandez, 218 AD3d at 1258 [internal quotation marks omitted]).
Defendant additionally contends in his main brief that the court erred in refusing to suppress, prior to the entry of his plea, evidence obtained from the Phone 2 warrant on the ground that he did not have standing to challenge that warrant. We agree. While "[a] defendant seeking to suppress evidence, on the basis that it was obtained by means of an illegal search, must allege standing to challenge the search" (People v Sylvester, 129 AD3d 1666, 1666 [4th Dept 2015], lv denied 26 NY3d 1092 [2015] [internal quotation marks omitted]), "the People are required to alert the . . . court if they believe that the defendant has failed to meet [the] burden to establish standing" (People v Hunter, 17 NY3d 725, 727-728 [2011]). If the People do not first object to the defendant's failure to allege standing, then " 'the court ha[s] no occasion to rule on that issue' " (People v Johnson, 94 AD3d 1529, 1531 [4th Dept 2012], lv denied 19 NY3d 974 [2012], quoting Hunter, 17 NY3d at 727). Here, although defendant failed to allege that he had standing to challenge any of the eavesdropping warrants, the People did not object to that failure, but, instead, expressly conceded that defendant "ha[d] standing to challenge those warrants related to telephone numbers utilized by [him]," and they submitted a thumb drive containing, inter alia, 17 eavesdropping warrants, including the Phone 2 warrant. Thus, the issue of defendant's standing to challenge the Phone 2 warrant was not properly before the court. We therefore hold the case, reserve decision, and remit the matter to Supreme Court for a determination on the merits of that part of defendant's omnibus motion seeking suppression of evidence obtained pursuant to the Phone 2 warrant.
In light of our determination, we do not address the remaining contentions in defendant's main and pro se supplemental briefs.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court