People v Moore (2024 NY Slip Op 03941)

People v Moore

2024 NY Slip Op 03941

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

385 KA 20-01037

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAQUAN MOORE, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered December 11, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts 1, 2 and 3 of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]) in connection with the shooting death of the victim. We note by way of background that defendant was originally tried in June 2019 and, during that first trial, the jury was able to reach a verdict only with respect to two counts of menacing in the second degree (§ 120.14 [1]), of which defendant was acquitted. This appeal is from a judgment convicting him, following a new trial, of the charges upon which the original jury had deadlocked.
Defendant's challenge to the sufficiency of the evidence is not preserved for our review inasmuch as defendant's motion for a trial order of dismissal was not specifically directed at the alleged errors asserted on appeal (see People v Gray, 86 NY2d 10, 19 [1995]; People v Streeter, 166 AD3d 1509, 1510 [4th Dept 2018], lv denied 32 NY3d 1210 [2019]). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Muhammad, 204 AD3d 1402, 1403 [4th Dept 2022], lv denied 38 NY3d 1073 [2022]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's challenge to the constitutionality of Penal Law
§ 265.03 (1) (b) and (3) in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) is not preserved for our review (see CPL 470.05 [2]; People v Cabrera, 41 NY3d 35, 42 [2023]; People v Ocasio, 222 AD3d 1364, 1365 [4th Dept 2023]). We decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; see generally People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]).
Defendant further contends that the People were collaterally estopped at the second trial from introducing certain evidence related to the menacing counts of which he was previously acquitted, and that County Court committed reversible error in permitting such evidence. At his second trial, the People were permitted to introduce in their case-in-chief, over defendant's objection, the testimony of an eyewitness that, during a confrontation in a park that occurred prior to the shooting, defendant had pulled out a gun and waved it at the victim, and had cocked the gun and pointed it at the eyewitness. We agree with defendant that, under the circumstances [*2]here, the People were collaterally estopped by the earlier verdict from presenting evidence at defendant's second trial concerning the alleged display of a gun during the earlier confrontation at the park (see People v O'Toole, 22 NY3d 335, 338 [2013]; People v Acevedo, 69 NY2d 478, 486-487 [1987]).
The doctrine of collateral estoppel "operates in a criminal prosecution to bar relitigation of issues necessarily resolved in defendant's favor at an earlier trial" (Acevedo, 69 NY2d at 484). "[W]here the People have had a full and fair opportunity to contest issues, but have failed, it would be inequitable and harassive to again permit the prosecution to establish these same matters, as if the first trial had never taken place" (id. at 485). Only those facts that were "necessarily decided" by a prior acquittal will have collateral estoppel effect in a subsequent prosecution (id. at 487). Although it may "normally be impossible to ascertain the exact import of a verdict," we are charged with giving "a practical, rational reading to the record of the first trial" to determine "whether a rational jury could have grounded its decision on an issue other than that which the defendant seeks to foreclose from consideration" (id. [internal quotation marks omitted]; see generally People v Brandi E., 105 AD3d 1341, 1342-1343 [4th Dept 2013], lv denied 22 NY3d 1154 [2014]).
Here, the two menacing counts alleged that defendant intentionally placed or attempted to place another person in reasonable fear of physical injury, serious physical injury, or death by displaying what appeared to be a firearm, on the basis of his alleged actions at the park shortly before the murder. The eyewitness's testimony at the first trial was the only evidence supporting the menacing counts. Although the People assert that the first jury could have concluded that defendant, despite displaying a gun, did not have the requisite intent to commit menacing in the second degree, we reject that assertion inasmuch as the evidence did not support a theory that defendant was motivated by self-defense. Rather, in acquitting defendant of the menacing counts, the first jury must have concluded that the portion of the eyewitness's testimony relating to defendant's display of the gun at the park was not credible. "Unlike many other criminal cases, this one was devoid of alternative possibilities" (Acevedo, 69 NY2d at 487 [internal quotation marks omitted]; see O'Toole, 22 NY3d at 338).
The People further assert that collateral estoppel should not apply because, in their view, "the murder stemmed from the earlier menacing," thereby rendering the eyewitness's testimony about the prior display of a gun essential to the judgment in the second trial. We reject that assertion, and "perceive no unreasonable difficulty that jeopardizes the jury's truth-seeking function by the application of collateral estoppel here" (People v Williams, 163 AD3d 1418, 1420 [4th Dept 2018] [internal quotation marks omitted]). The details regarding defendant's alleged display of the gun at the park were, with respect to the second trial, matters of "evidentiary fact"; they were not in any way essential to convict defendant of either the murder or weapon possession counts (O'Toole, 22 NY3d at 338 [internal quotation marks omitted]). Indeed, the incident in the park occurred almost two hours before the shooting. With respect to the murder and weapon possession counts, the eyewitness's testimony about the incident in the park provided only background information and a potential motive for the shooting two hours later; omitting the testimony regarding defendant's earlier display of the gun in the park would not have affected the eyewitness's account of what happened during the shooting, especially because the eyewitness remained free to testify that an argument with defendant compelled him and the victim to leave the park (see generally Williams, 163 AD3d at 1420).
Furthermore, we conclude that the error in admitting the testimony regarding defendant's display of a gun at the park was not harmless (cf. People v Stinson, 234 AD2d 111, 112 [1st Dept 1996], lv denied 89 NY2d 1101 [1997]; see also Acevedo, 69 NY2d at 489; see generally People v Crimmins, 36 NY2d 230, 237 [1975]). Even assuming, arguendo, that the proof of defendant's guilt, without reference to the error, is overwhelming, it cannot be said that there is no reasonable possibility that the erroneously admitted evidence might have contributed to defendant's conviction (see Crimmins, 36 NY2d at 237; see generally People v Goodman, 69 NY2d 32, 37-38 [1986]). We thus conclude that a new trial is required on counts 1, 2 and 3 of the indictment (see generally People v Jackson, 126 AD3d 1508, 1510 [4th Dept 2015]).
We have considered defendant's contentions relating to the court's suppression ruling and conclude that those contentions are without merit. In light of our determination to grant a new trial on
counts 1, 2 and 3 of the indictment, we do not address defendant's remaining contentions.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court