People v Mason (2025 NY Slip Op 01474)

People v Mason

2025 NY Slip Op 01474

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., SMITH, GREENWOOD, DELCONTE, AND HANNAH, JJ.

115 KA 22-01773

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ARTHUR E. MASON, DEFENDANT-APPELLANT. 

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SHAUN M. CHASE, SPECIAL PROSECUTOR, SYRACUSE, FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Armen J. Nazarian, J.), rendered July 27, 2022. The judgment convicted defendant, upon his plea of guilty, of unlawful manufacture of methamphetamine in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of unlawful manufacture of methamphetamine in the third degree (Penal Law § 220.73 [1]). We affirm.
Preliminarily, we agree with defendant that, contrary to the People's assertion, the waiver of the right to appeal is invalid. Defendant orally waived his right to appeal and executed a written waiver thereof. The language in the written waiver, however, is "inaccurate and misleading insofar as it purports to impose 'an absolute bar to the taking of a direct appeal' and to deprive defendant of his 'attendant rights to counsel and poor person relief, [as well as] all postconviction relief separate from the direct appeal' " (People v Fernandez, 218 AD3d 1257, 1258 [4th Dept 2023], lv denied 40 NY3d 1012 [2023], quoting People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Rumph, 207 AD3d 1209, 1210 [4th Dept 2022], lv denied 39 NY3d 1075 [2023]; People v Hunter, 203 AD3d 1686, 1686 [4th Dept 2022], lv denied 38 NY3d 1033 [2022]; People v Hughes, 199 AD3d 1332, 1333 [4th Dept 2021]). Although County Court's colloquy "remedied the mischaracterization of the waiver as an absolute bar to the right to appeal," the court's verbal statements "did nothing to counter the other inaccuracies set forth in the written appeal waiver" (Hughes, 199 AD3d at 1333; see Fernandez, 218 AD3d at 1258; Rumph, 207 AD3d at 1210; Hunter, 203 AD3d at 1686). We thus conclude that defendant's purported waiver of the right to appeal is not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant "understood the nature of the appellate rights being waived" (Thomas, 34 NY3d at 559).
We nevertheless reject defendant's contention that the bargained-for sentence is unduly harsh and severe. Finally, we note that the uniform sentence and commitment form incorrectly states that defendant was sentenced as a second felony offender, and therefore it must be amended to reflect that he was actually sentenced as a second felony drug offender (see People v Jones, 224 AD3d 1348, 1353 [4th Dept 2024], lv denied 41 NY3d 1019 [2024]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court