People v Clark (2025 NY Slip Op 03876)

People v Clark

2025 NY Slip Op 03876

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

186 KA 22-00407

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTONIO CLARK, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (ALEXANDER PRIETO OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered February 15, 2022. The judgment convicted defendant, upon a plea of guilty, of attempted assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [3]), defendant contends that Supreme Court erred in denying his request to substitute counsel.
Initially, we note that defendant's contention would survive his plea and even a valid waiver of the right to appeal to the extent that the contention implicates the voluntariness of his plea (see generally People v Coleman, 178 AD3d 1377, 1378 [4th Dept 2019], lv denied 35 NY3d 1026 [2020]; People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]). Nevertheless, we conclude that defendant failed to preserve his contention for our review by failing to move to withdraw his plea or to vacate the judgment of conviction (see People v Fernandez, 218 AD3d 1257, 1259-1260 [4th Dept 2023], lv denied 40 NY3d 1012 [2023]; see generally CPL 220.60 [3]; 440.10). Furthermore, we conclude on this record that defendant abandoned his contention. Following the court's denial of defendant's request to substitute counsel, the court proceeded with a Huntley and probable cause hearing and, when defendant entered his plea nearly two months later, he "made no statements expressing dissatisfaction with counsel" (People v Crosby, 195 AD3d 1602, 1604 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]; cf. People v Jones, 173 AD3d 1628, 1630 [4th Dept 2019]). Indeed, defendant indicated that he had sufficient time to discuss the plea offer with his counsel, was pleading guilty of his own free will, and was satisfied with the representation he received (see Fernandez, 218 AD3d at 1260; People v Turner, 197 AD3d 997, 1000 [4th Dept 2021], lv denied 37 NY3d 1061 [2021]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court