People v Tolentino (2026 NY Slip Op 00651)

People v Tolentino

2026 NY Slip Op 00651

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, SMITH, AND GREENWOOD, JJ.

1 KA 22-01523

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vEDGAR TOLENTINO, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Stacey Romeo, A.J.), rendered July 18, 2022. The judgment convicted defendant upon a guilty plea of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [3]). Defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. We agree with defendant that his waiver of the right to appeal is invalid. Defendant orally waived his right to appeal and executed a written waiver thereof. The language in the written waiver, however, is "inaccurate and misleading insofar as it purports to impose 'an absolute bar to the taking of a direct appeal' and to deprive defendant of his 'attendant rights to counsel and poor person relief, [as well as] all postconviction relief separate from the direct appeal' " (People v Nesmith, 235 AD3d 1239, 1239 [4th Dept 2025], lv denied 43 NY3d 964 [2025], quoting People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US —, 140 S Ct 2634 [2020]; see People v Ocasio, 222 AD3d 1364, 1364-1365 [4th Dept 2023]; People v Fernandez, 218 AD3d 1257, 1257-1258 [4th Dept 2023], lv denied 40 NY3d 1012 [2023]). Although County Court's oral colloquy remedied the written waiver's mischaracterization of the waiver as an absolute bar to the taking of an appeal, the court's verbal statements did nothing to counter the other inaccuracies set forth in the written appeal waiver, including the purported waiver of all state and federal postconviction challenges (see People v Mason, 236 AD3d 1354, 1355 [4th Dept 2025], lv denied 43 NY3d 1010 [2025]; see also Nesmith, 235 AD3d at 1240; People v Hughes, 199 AD3d 1332, 1333 [4th Dept 2021]). Contrary to defendant's contention, however, his sentence is not unduly harsh or severe.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court