■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH A. TONEY, Appellant. [60 NYS3d 898]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered August 17, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). We reject defendant's contention that he did not knowingly waive his right to appeal. County Court "expressly ascertained from defendant that, as a condition of the plea, he was agreeing to waive his right to appeal" (*People v McCrea*, 140 AD3d 1655, 1655 [2016], *lv denied* 28 NY3d 933 [2016] [internal quotation marks omitted]) and, contrary to defendant's contention, the record establishes that the court did not conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea (*see id.*). The court also specifically explained that the waiver included any challenge to the severity of the sentence, thereby foreclosing any such challenge on appeal (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]).

Defendant further contends that his plea was not knowingly, intelligently, and voluntarily entered. Although a challenge to the voluntariness of the plea survives a valid waiver of the right to appeal (*see People v Shaw*, 133 AD3d 1312, 1313 [2015],

*lv denied* 26 NY3d 1150 [2016]), defendant failed to preserve his contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Garcia-Cruz*, 138 AD3d 1414, 1414-1415 [2016], *lv denied* 28 NY3d 929 [2016]; *see generally People v Wisniewski*, 128 AD3d 1481, 1481 [2015], *lv denied* 26 NY3d 937 [2015]). In any event, defendant's " 'yes' and 'no' answers during the plea colloqu[y] do not invalidate his guilty plea[ ]" (*People v Russell*, 133 AD3d 1199, 1199 [2015], *lv denied* 26 NY3d 1149 [2016]; *see People v Alicea*, 148 AD3d 1662, 1663 [2017], *lv denied* 29 NY3d 1122 [2017]; *People v Dunham*, 83 AD3d 1423, 1424 [2011], *lv denied* 17 NY3d 794 [2011]). Present—Smith, J.P., DeJoseph, Curran, Troutman and Winslow, JJ.