People v Jeffords (2020 NY Slip Op 04037)





People v Jeffords


2020 NY Slip Op 04037


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


566 KA 18-01261

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CODY JEFFORDS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered February 1, 2017. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to a determinate term of imprisonment of 19 years and five years of postrelease supervision, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that he did not validly waive his right to appeal. We agree. The better practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (People v Thomas, 34 NY3d 545, 567 [2019], citing NY Model Colloquies, Waiver of Right to Appeal, http://www.nycourts.gov/judges/cji/8-Colloquies/Waiver%20of%20Right%20to%20Appeal.pdf). Here, in describing the nature of defendant's right to appeal and the breadth of the waiver of that right, County Court incorrectly stated that defendant could not "appeal this case to a higher court; it would end here at the time of sentence" and that defendant was "waiving any appellate issues . . . [i.e.,] any and all legal issues." Although no "particular litany" is required for a waiver of the right to appeal to be valid (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Johnson [appeal No. 1], 169 AD3d 1366, 1366 [4th Dept 2019], lv denied 33 NY3d 949 [2019]), defendant's waiver of the right to appeal was invalid because the court mischaracterized it as an "absolute bar" to the taking of an appeal (Thomas, 34 NY3d at 565).
Additionally, we are unable to determine whether the written appeal waiver purportedly signed by defendant at the plea colloquy corrected any defects in the court's oral colloquy because it was not included in the record on appeal. In any event, "[t]he court did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it" (People v Bradshaw, 18 NY3d 257, 262 [2011]; see People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]).
Defendant contends that the court did not make an appropriate inquiry into his request for a substitution of counsel. Assuming, arguendo, that this contention is not foreclosed by his guilty plea because it "implicates the voluntariness of the plea" (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]), we nevertheless conclude that "defendant abandoned his request for new counsel when he decid[ed] . . . to plead guilty while still being represented by the same attorney' " (People v Guantero, 100 AD3d 1386, 1387 [4th Dept 2012], lv denied 21 NY3d 1004 [2013]; see People v Coleman, 178 AD3d 1377, 1378 [4th Dept 2019]; People v Barr, 169 AD3d 1427, 1427-1428 [4th Dept 2019], lv denied 33 NY3d 1028 [2019]).
We agree with defendant, however, that the 24-year determinate sentence is unduly harsh and severe considering, inter alia, defendant's background, genuine show of remorse, and lack of prior criminal history. Thus, we modify the judgment as a matter of discretion in the interest of justice by reducing the sentence to a determinate term of imprisonment of 19 years and five years of postrelease supervision, which falls within the sentence range negotiated by the parties (see CPL 470.15 [6] [b]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court