People v Clemons (2022 NY Slip Op 00594)





People v Clemons


2022 NY Slip Op 00594


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND WINSLOW, JJ.


1105 KA 19-01903

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NAPOLEON CLEMONS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered July 23, 2019. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon (CPW) in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court failed to make the requisite minimal inquiry into his serious request to substitute counsel. Even assuming, arguendo, that defendant's contention "is not foreclosed by his guilty plea because it 'implicates the voluntariness of the plea' " (People v Jeffords, 185 AD3d 1417, 1418 [4th Dept 2020], lv denied 35 NY3d 1095 [2020]), we conclude that "defendant abandoned his request for new counsel when he 'decid[ed] . . . to plead guilty while still being represented by the same attorney' " (People v Guantero, 100 AD3d 1386, 1387 [4th Dept 2012], lv denied 21 NY3d 1004 [2013]; see Jeffords, 185 AD3d at 1418; cf. People v Morris, 183 AD3d 1254, 1254-1255 [4th Dept 2020], lv denied 35 NY3d 1047 [2020]).
Defendant further contends that the plea was not knowingly, voluntarily, and intelligently entered because the court neglected to ask him if the firearm in question was loaded, which is an element of CPW in the second degree as charged in the indictment. That contention is actually a challenge to the factual sufficiency of the plea allocution, and it is not preserved for our review inasmuch as defendant did not move to withdraw his plea or to vacate the judgment of conviction (see People v Pryce, 148 AD3d 1629, 1629-1630 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]). Contrary to defendant's contention, this case does not fall within the narrow exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666-667 [1988]; cf. People v Rosario, 166 AD3d 1498, 1498 [4th Dept 2018]).
The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they do not require reversal or modification of the judgment.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court