People v Carr (2022 NY Slip Op 04516)

People v Carr

2022 NY Slip Op 04516

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, WINSLOW, AND BANNISTER, JJ.

582 KA 21-00002

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL CARR, DEFENDANT-APPELLANT. 

RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN, FOR RESPONDENT. 

 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered October 27, 2020. The judgment convicted defendant upon a plea of guilty of burglary in the second degree and burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]) and burglary in the third degree (§ 140.20), defendant contends that his waiver of the right to appeal is invalid and that the sentence is unduly harsh and severe. Contrary to defendant's contention, the record establishes that he knowingly, intelligently and voluntarily waived his right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]), and we note that County Court used the appropriate model colloquy with respect to the waiver of the right to appeal (see generally People v Thomas, 34 NY3d 545, 567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Jeffords, 185 AD3d 1417, 1417-1418 [4th Dept 2020], lv denied 35 NY3d 1095 [2020]). Further, the court inquired about defendant's asserted mental health issues, and those issues "did not invalidate the waiver of the right to appeal inasmuch as there was no showing that defendant was uninformed, confused or incompetent when he waived the right to appeal" (People v Henderson, 162 AD3d 1507, 1507 [4th Dept 2018], lv denied 32 NY3d 1004 [2018] [internal quotation marks omitted]; see People v Brand, 112 AD3d 1320, 1321 [4th Dept 2013], lv denied 23 NY3d 961 [2014]). The valid waiver of the right to appeal encompasses his challenge to the severity of the bargained-for sentence (see People v Lococo, 92 NY2d 825, 827 [1998]; see also Lopez, 6 NY3d at 255-256).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court