People v Williams (2022 NY Slip Op 06594)

People v Williams

2022 NY Slip Op 06594

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

834 KA 18-00699

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LOVELL M. WILLIAMS, DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered December 21, 2017. The judgment convicted defendant upon his plea of guilty of attempted robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]), defendant contends that County Court erred in failing to conduct the requisite minimal inquiry into his request for substitution of counsel. We reject that contention because even assuming, arguendo, that defendant's contention "is not foreclosed by his guilty plea because it implicates the voluntariness of the plea . . . ," we conclude that defendant "abandoned his request for new counsel when he decid[ed] . . . to plead guilty while still being represented by the same attorney" (People v Clemons, 201 AD3d 1355, 1355 [4th Dept 2022], lv denied 38 NY3d 1032 [2022] [internal quotation marks omitted]; see People v Jeffords, 185 AD3d 1417, 1418 [4th Dept 2020], lv denied 35 NY3d 1095 [2020]; People v Harris, 182 AD3d 992, 994 [4th Dept 2020], lv denied 35 NY3d 1066 [2020]). During the plea colloquy, defendant "expressed no concerns with [his] attorney and instead confirmed that he was satisfied with [his] attorney's advice and representation" (People v Seymore, 188 AD3d 1767, 1769 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]; see People v Lewicki, 118 AD3d 1328, 1328-1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]).
We reject defendant's further contention that he was denied effective assistance of counsel due to defense counsel's failure to seek suppression of statements that defendant made to law enforcement personnel without the benefit of Miranda warnings while he was incarcerated on an unrelated parole violation. Defendant's contention does not survive his guilty plea because defendant has not "demonstrate[d] that the plea bargaining process was infected by [the] allegedly ineffective assistance or that [he] entered the plea because of [his] attorney['s] allegedly poor performance" (People v Jackson, 202 AD3d 1447, 1449 [4th Dept 2022], lv denied 38 NY3d 951 [2022] [internal quotation marks omitted]; see People v Coleman, 178 AD3d 1377, 1378 [4th Dept 2019], lv denied 35 NY3d 1026 [2020]). Defendant received an advantageous plea deal and there is no reasonable probability that, but for defense counsel's alleged error, defendant would not have pleaded guilty and would have insisted on going to trial (see Coleman, 178 AD3d at 1378).
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court