People v Campbell (2022 NY Slip Op 06597)

People v Campbell

2022 NY Slip Op 06597

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

853 KA 17-00743

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KAMRON J. CAMPBELL, DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (HELEN A. SYME OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered October 12, 2016. The judgment convicted defendant upon his plea of guilty of murder in the second degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of one count each of murder in the second degree (Penal Law § 125.25 [3]) and attempted robbery in the first degree (§§ 110.00, 160.15 [2]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). We affirm.
Defendant contends that Supreme Court did not make an appropriate inquiry into his request for substitution of counsel. "Assuming, arguendo, that [defendant's] contention is not foreclosed by his guilty plea" (People v Jeffords, 185 AD3d 1417, 1418 [4th Dept 2020], lv denied 35 NY3d 1095 [2020]), we conclude that defendant "abandoned his request for new counsel when he decid[ed] . . . to plead guilty while still being represented by the same attorney" (People v Clemons, 201 AD3d 1355, 1355 [4th Dept 2022], lv denied 38 NY3d 1032 [2022] [internal quotation marks omitted]; see People v Dolison, 200 AD3d 1632, 1633 [4th Dept 2021], lv denied 38 NY3d 949 [2022]; People v Lewicki, 118 AD3d 1328, 1328-1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]).
Defendant further contends that his plea was coerced by statements made by the court. As defendant correctly concedes, he did not move to withdraw his plea or to vacate the judgment of conviction and thereby failed to preserve that contention for our review (see People v Williams, 198 AD3d 1308, 1309 [4th Dept 2021], lv denied 37 NY3d 1149 [2021]; People v Love, 179 AD3d 1541, 1542 [4th Dept 2020], lv denied 35 NY3d 994 [2020]; People v Juarbe, 162 AD3d 1625, 1625-1626 [4th Dept 2018]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court