People v Kelley (2025 NY Slip Op 03414)

People v Kelley

2025 NY Slip Op 03414

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

189 KA 22-01002

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTON KELLEY, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CASEY S. DUFFY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D. BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered June 15, 2022. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), stemming from the shooting death of the victim. We affirm.
Contrary to defendant's contention, the record establishes that he validly waived his right to appeal (see People v Lollie, 204 AD3d 1430, 1430-1431 [4th Dept 2022], lv denied 38 NY3d 1134 [2022]). That valid waiver forecloses appellate review of defendant's challenges to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255 [2006]) and to Supreme Court's suppression ruling (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Edmonds, 229 AD3d 1275, 1278 [4th Dept 2024], lv denied 43 NY3d 930 [2025]).
Defendant further contends that the court erred in failing to make an appropriate inquiry into his requests for new counsel. Defendant's contention "is encompassed by the plea and the waiver of the right to appeal except to the extent that the contention implicates the voluntariness of the plea" (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012] [internal quotation marks omitted]; see People v Seymore, 188 AD3d 1767, 1769 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]; People v Holley, 162 AD3d 1669, 1669 [4th Dept 2018], lv denied 32 NY3d 938 [2018]). To the extent that defendant's contention implicates the voluntariness of the plea, we conclude that defendant abandoned his requests when he decided to plead guilty while still being represented by the same attorneys (see People v Williams, 210 AD3d 1507, 1507 [4th Dept 2022], lv denied 39 NY3d 1081 [2023]; People v Clemons, 201 AD3d 1355, 1355 [4th Dept 2022], lv denied 38 NY3d 1032 [2022]). During the plea proceeding, defendant did not express dissatisfaction with defense counsel (see Williams, 210 AD3d at 1507; People v Turner, 197 AD3d 997, 1000 [4th Dept 2021], lv denied 37 NY3d 1061 [2021]).
Defendant additionally contends that he did not receive effective assistance of counsel. That contention, however, "does not survive his guilty plea or his waiver of the right to appeal because there was no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney[s'] allegedly poor performance" (People v O'Connor, 184 AD3d 1137, 1137 [4th Dept 2020], lv denied 35 NY3d 1068 [2020] [internal quotation marks omitted]).
We have considered defendant's remaining contentions and conclude that none warrants [*2]modification or reversal of the judgment.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court