People v Yahmir T.D. (2025 NY Slip Op 04582)

People v Yahmir T. D.

2025 NY Slip Op 04582

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2023-07652
 (Ind. No. 70660/22)

[*1]The People of the State of New York, respondent,
v
Yahmir T. D. (Anonymous), appellant.

James D. Licata, New City, NY (Lois Capelleti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Kerianne Morrisey of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Larry J. Schwartz, J.), rendered July 7, 2023, adjudicating him a youthful offender, upon his plea of guilty to criminal possession of a weapon in the second degree, and imposing sentence. The appeal brings up for review the granting of the People's motion pursuant to CPL 722.23(1) to prevent removal of this action to the Family Court, Rockland County, and the denial of the defendant's motion pursuant to CPL 722.23(1) to remove this action to the Family Court, Rockland County.
ORDERED that the judgment is reversed, on the law, the People's motion pursuant to CPL 722.23(1) to prevent removal of this action to the Family Court, Rockland County, is denied, the defendant's motion pursuant to CPL 722.23(1) to remove this action to the Family Court, Rockland County, is granted, and the matter is remitted to the County Court, Rockland County, for the entry of an order removing the action to the Family Court, Rockland County.
The defendant was 17 years of age when he was accused of criminal possession of a weapon in the second degree. The People moved pursuant to CPL 722.23(1) to prevent removal of this action from the Youth Part of the County Court, Rockland County, to the Family Court, Rockland County. The defendant moved pursuant to CPL 722.23(1) to remove this action from the Youth Part to Family Court. The Youth Part granted the People's motion and denied the defendant's motion. Subsequently, the defendant entered a plea of guilty to criminal possession of a weapon in the second degree. By judgment entered July 7, 2023, the defendant was adjudicated a youthful offender and sentence was imposed. The defendant appeals.
In 2017, the Legislature enacted the "Raise the Age" legislation, which defined a 16 or 17 year old who was charged with a felony committed on or after October 1, 2018, or October 1, 2019, respectively, as an "adolescent offender" (CPL 1.20[44]; see Penal Law § 30.00[1], [3][a]; Matter of Clark v Boyle, 210 AD3d 463, 463). The Raise the Age legislation created a Youth Part in a superior court, presided over by Family Court judges with specialized training, to determine the proper forum for such prosecutions (see CPL 722.10[1]). As relevant here, when an adolescent offender is charged with a class A (non-drug) felony or a violent felony, the Youth Part must determine at a hearing held within six days of arraignment whether the People have established by [*2]a preponderance of the evidence that "the defendant caused significant physical injury to a person other than a participant in the offense," "displayed a firearm, shotgun, rifle or deadly weapon as defined in the penal law in furtherance of such offense," or committed one of several enumerated sexual offenses (id. § 722.23[2][c][i], [ii]). If the Youth Part determines that the People failed to make such a showing, it must remove the action to Family Court, but the People can move to prevent removal to Family Court upon a showing "that extraordinary circumstances exist that should prevent the transfer of the action to family court" (id. § 722.23[1][d]).
In this case, the People failed to demonstrate that extraordinary circumstances existed (see People v Lloyd F., _____ AD3d _____ [decided herewith]). Thus, the Youth Part should have denied the People's motion pursuant to CPL 722.23(1) to prevent removal of this action to Family Court and granted the defendant's motion pursuant to CPL 722.23(1) to remove this action to Family Court.
The defendant's remaining contention is academic in light of our determination.
Accordingly, we reverse the judgment, deny the People's motion pursuant to CPL 722.23(1) to prevent removal of this action to Family Court, grant the defendant's motion pursuant to CPL 722.23(1) to remove this action to Family Court, and remit the matter to the County Court, Rockland County, for the entry of an order removing the action to the Family Court, Rockland County.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court