People v Aaron VV. (2025 NY Slip Op 05018)

People v Aaron VV.

2025 NY Slip Op 05018

Decided on September 18, 2025

Appellate Division, Third Department

Powers, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 18, 2025

CR-22-2248

[*1]The People of the State of New York, Respondent,
v
Aaron VV., Appellant.

Calendar Date:August 14, 2025

Before: Lynch, J.P., Ceresia, Fisher, Powers and Mackey, JJ.

Kelly L. Egan, Rensselaer, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Timothy D. Feenan of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court (Youth Part) of Rensselaer County (Jennifer Sober, J.), rendered October 6, 2022, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
In December 2021, defendant was charged by felony complaints with criminal possession of a weapon in the second degree and burglary in the second degree, as well as by a misdemeanor information with criminal possession of a weapon in the fourth degree. These charges were based upon allegations that defendant — who, at the time, was 17 years old — entered the dwelling of a family member (hereinafter the relative) without authorization and, together with the codefendant (hereinafter the brother), stole loaded firearms as well as a certain amount of cash.
Defendant was thereafter arraigned by an accessible magistrate in Troy City Court (Youth Part) (Maier, J.) and, the following day, was brought before County Court (Young, J.) for a violent felony hearing as required by CPL 722.23 (2) (c). During that hearing, the People conceded that they would be unable to meet the requirements of that subdivision, which would have prevented removal of the matter to Family Court. Consequently, the People moved to prevent removal pursuant to CPL 722.23 (1) (d) on the basis that the facts of the offense in combination with defendant's juvenile history established extraordinary circumstances to retain the matter in County Court. The court (Sober, J.) granted the motion and the matter proceeded in County Court.
In August 2022, defendant waived indictment, agreed to be prosecuted by superior court information and pleaded guilty to burglary in the third degree, in full satisfaction of the charged crimes. Defendant purported to waive his right to appeal as a condition of this agreement and, in exchange, the People were to recommend a term of incarceration of 1⅓ to 4 years and the payment of $750 in restitution. Defendant was subsequently denied youthful offender status and sentenced in accord with this agreement. Notably, his term of incarceration was to be carried out at an Office of Children and Family Services detention facility but subject to transfer to a Department of Corrections and Community Supervision facility upon reaching 21 years of age. Defendant appeals.[FN1]
Defendant argues, among other things, that County Court erred in granting the People's motion to prevent removal of the matter to Family Court. We agree and, for this reason, reverse.
Initially, regardless of its validity, we find that the appeal waiver executed by defendant did not waive his present argument. In relevant part, CPL 722.10, which created the Youth Part of superior court, specifies that "[t]he [Y]outh [P]art shall have exclusive jurisdiction in all proceedings in relation to juvenile offenders and adolescent offenders, except as provided in [CPL articles 722 or 725]" (CPL 722.10 [1] [emphasis added]). Therefore, the removal provisions set forth in CPL 722.22 and, applicable [*2]here, 722.23 divest Youth Part of jurisdiction and transfer jurisdiction to Family Court in those proceedings which meet specified criteria. Accordingly, the waiver of the right to appeal does not impact defendant's argument inasmuch as it presents a challenge to whether County Court lacked jurisdiction over this proceeding and, as the court made clear in its oral colloquy, defendant did not waive his right to challenge the jurisdiction of the court (see People v Barton, 113 AD3d 927, 928 [3d Dept 2014]; see generally People v Howard, 231 AD3d 1202, 1204-1205 [3d Dept 2024]).
Regarding the merits of defendant's challenge, commencing October 1, 2019, "[u]pon the arraignment of a defendant charged with a crime committed when he or she was . . . [17] years of age on . . . a violent felony [as] defined in [Penal Law § 70.02], the court shall schedule an appearance no later than six calendar days from such arraignment for the purpose of reviewing the accusatory instrument" in conjunction with "any other relevant facts" to determine whether "[t]he court shall order the action to proceed in accordance with [CPL 722.23 (1)]" (CPL 722.23 [2] [a]-[c]; see People v Howard, 231 AD3d at 1203-1204; Matter of Clark v Boyle, 210 AD3d 463, 463 [1st Dept 2022], lv denied 39 NY3d 974 [2023]). In undertaking such review, the court must determine, in writing, whether the People established by a preponderance of the evidence that, as is relevant here, "the defendant displayed a firearm, shotgun, rifle or deadly weapon as defined in the [P]enal [L]aw in furtherance of such offense" (CPL 722.23 [2] [c] [ii]).[FN2] If the People fail to establish this, the matter must then proceed in accordance with CPL 722.23 (1).
Pursuant to that subdivision, "[f]ollowing the arraignment of a defendant charged with a crime committed when he or she was . . . [17] years of age, . . . the court shall order the removal of the action to the family court in accordance with the applicable provisions of [CPL article 725] unless, within [30] calendar days of such arraignment, the [People move] to prevent removal of the action" (CPL 722.23 [1] [a]; see People v Guerrero, 235 AD3d 1276, 1277 [4th Dept 2025]). If the People elect not to move, "the court shall . . . order transfer of [the] action against an adolescent offender to the family court" (CPL 722.21 [4]). However, if the People so move, the motion must be in writing and "contain allegations of sworn fact based upon personal knowledge of the affiant" (CPL 722.23 [1] [b]) setting forth "that extraordinary circumstances exist that should prevent the transfer of the action to family court" (CPL 722.23 [1] [d]; see People v Lloyd F., ___ AD3d ___, ___, 2025 NY Slip Op 04583, *2 [2d Dept 2025]). As the presumption is with removal, the court is required to remove the matter to Family Court if the People fail to establish extraordinary circumstances (see CPL 722.23 [1] [d]).
"While the words of the statute are the best evidence of the Legislature's [*3]intent, legislative history may also be relevant as an aid to construction of the meaning of words" (People v Abelove, 179 AD3d 39, 42 [3d Dept 2019] [internal quotation marks and citations omitted], lv denied 35 NY3d 1025 [2020]; see People v Duggins, 192 AD3d 191, 193 [3d Dept 2021], lv denied 36 NY3d 1096 [2021]). Thus, because the Legislature did not define what was specifically meant by "extraordinary circumstances," the Assembly debate regarding the bill provides us with necessary context (see People v Lloyd F., ___ AD3d at ___, 2025 NY Slip Op 04583, *2; People v Guerrero, 235 AD3d at 1277).
Assembly Member Joseph Lentol, one of the drafters speaking in favor of the bill, described that the presumption was that the "overwhelming bulk of the cases" would be removed to Family Court, that those cases retained in criminal court would be "one in 1,000" and reserved to "extremely rare and exceptional cases" (NY Assembly Debate on 2017 NY Assembly Bill A3009C, Apr. 8, 2017 at 37-38, 102). He further characterized that only those cases which present "highly unusual and heinous facts" demonstrating "that the young person is not amenable or would not benefit in any way from the heightened services in the family court" should not be removed (NY Assembly Debate on 2017 NY Assembly Bill A3009C, Apr. 8, 2017 at 39). Though opining that providing examples of what may constitute extraordinary circumstances is difficult and that the court must "look at all the circumstances of the case," Lentol described that such may be satisfied where the defendant has committed "a series of serious crimes . . . over the course of many days," where the "defendant act[ed] in a cruel and heinous manner" or where "the defendant [was] a ringleader who threatened and coerced reluctant youths to participate in the crimes" (NY Assembly Debate on 2017 NY Assembly Bill A3009C, Apr. 8, 2017 at 39-40). Taken collectively, these statements illustrate the Legislature's intent to create a sweeping presumption in favor of removing these cases to Family Court and that the People's burden is exceedingly high on a motion to prevent removal. In sum, we agree with the Second Department's conclusion that the Legislature intended for adolescent offenders to be prosecuted in criminal court "only in the most exceptional cases" (People v Lloyd F., ___ AD3d at ___, 2025 NY Slip Op 04583 at *4).
Following defendant's arraignment here, the People conceded that they would be unable to demonstrate that defendant had displayed a firearm in furtherance of the offense and, therefore, failed to meet the requirements of CPL 722.23 (2) (c) (ii). As a result, the People requested 30 days to file a motion to retain the matter in County Court as presenting "extraordinary circumstances" under CPL 722.23 (1) (d). The People so moved, arguing that the circumstances of the case in conjunction with defendant's past juvenile delinquency adjudication presented extraordinary circumstances to retain the matter in County [*4]Court. Specifically, the People asserted that defendant had arranged and then carried out a plan to steal firearms from the relative's home and then sell those firearms for cash. In support of the motion, the People provided proof as to defendant's juvenile delinquency history along with, relevant to the crime at issue, signed statements from, among others, defendant, the brother and the relative as well as a search warrant executed in connection with the case and an affidavit in support thereof.
As County Court correctly found, the People improperly submitted proof related to defendant's juvenile delinquency history in support of the motion (see Family Ct Act § 381.2; Green v Montgomery, 95 NY2d 693, 697 [2001]). Thus, this proof could not be relied upon in deciding the motion. Additionally, as stated more fully above, a motion to retain a matter in County Court must be supported by "allegations of sworn fact based upon personal knowledge of the affiant" (CPL 722.23 [1] [b]). Thus, the Assistant District Attorney's unsworn statements that defendant had been involved in a fight at his high school — made on the record at an appearance after the People had already moved to retain the matter in County Court — could similarly not be relied upon in deciding the motion. Consequently, the only proper basis of the People's motion was limited to the specific circumstances presented by the crime at issue.
As alleged in the criminal complaint, defendant and the brother stood accused of entering the dwelling of the relative and stealing unsecured firearms, which they then sold. Markedly, the relative was not home at the time and they did not forcibly enter the home. Rather, defendant's brother — who was a willing and able participant — utilized the garage door code he had been entrusted with and they entered the home together, without causing damage to or destruction of property. Defendant also did not go on to use the firearms in the commission of some other crime nor were the firearms used by another in the commission of a crime. Instead, the firearms were sold, and then located by law enforcement not long after the sales.
These facts do not present one of the "extremely rare and exceptional cases" as was contemplated by the Legislature in enacting this legislation. In view of the foregoing, the People failed to demonstrate extraordinary circumstances existed as required to retain the matter in County Court (Youth Part) under CPL 722.23 (1) (d) (see People v Lloyd F., ___ AD3d at ___, 2025 NY Slip Op 04583, *6; People v Yahmir T.D., ___ AD3d ___, ___, 2025 NY Slip Op 04582, *2 [2d Dept 2025]; compare People v Guerrero, 235 AD3d at 1278). It follows that County Court erred in granting the People's motion to prevent removal and the matter should have been removed to Family Court. Defendant's remaining contentions have been rendered academic by this determination.
Lynch, J.P., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is reversed[*5], on the law, motion denied and matter remitted to the County Court (Youth Part) of Rensselaer County for the entry of an order removing the action to the Family Court of Rensselaer County.

Footnotes

Footnote 1: This Court has been apprised that defendant has been released to parole supervision.

Footnote 2: While not relevant to the facts presented here, the People may also seek to establish by a preponderance of the evidence that "the defendant caused significant physical injury to a person other than a participant in the offense" or that "the defendant unlawfully engaged in vaginal sexual contact, oral sexual contact, anal sexual contact, or sexual contact as defined in [Penal Law § 130.00]" (CPL 722.23 [2] [c] [i], [iii]; see generally People v Howard, 231 AD3d at 1204).