People v Ogden (2025 NY Slip Op 07153)

People v Ogden

2025 NY Slip Op 07153

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

861 KA 23-01261

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAVYON J. OGDEN, DEFENDANT-APPELLANT.

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTINE K. CALLANAN, DISTRICT ATTORNEY, LYONS (CATHERINE A. MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered July 12, 2023. The judgment convicted defendant upon his plea of guilty of burglary in the first degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [4]) and assault in the first degree (§ 120.10 [1]). We affirm.
Contrary to defendant's contention, the record establishes that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Williams, 228 AD3d 1316, 1316 [4th Dept 2024], lv denied 42 NY3d 972 [2024], reconsideration denied 42 NY3d 1055 [2024]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]). Moreover, on this record, defendant's "monosyllabic affirmative responses to questioning by [County Court] do not render his [waiver of the right to appeal] unknowing and involuntary" (People v Burch, 234 AD3d 1246, 1246-1247 [4th Dept 2025], lv denied 43 NY3d 1006 [2025] [internal quotation marks omitted]; see People v Allen, 174 AD3d 1456, 1457 [4th Dept 2019], lv denied 34 NY3d 978 [2019]; People v Harris, 94 AD3d 1484, 1485 [4th Dept 2012], lv denied 19 NY3d 961 [2012]). Further, we note that, although the written waiver form executed by defendant incorrectly portrays the waiver as an absolute bar to the taking of an appeal and was therefore defective, the oral colloquy, which followed the appropriate model colloquy, cured the defect in the written waiver (see People v Tandle, 238 AD3d 1503, 1504 [4th Dept 2025], lv denied 43 NY3d 1059 [2025]; Williams, 228 AD3d at 1317; see generally Thomas, 34 NY3d at 563).
Defendant contends that his plea was not knowingly, intelligently, and voluntarily entered. Although a challenge to the voluntariness of the plea survives the valid waiver of the right to appeal (see People v McMurtry, 224 AD3d 1310, 1310 [4th Dept 2024], lv denied 41 NY3d 984 [2024]; People v Shaw, 133 AD3d 1312, 1313 [4th Dept 2015], lv denied 26 NY3d 1150 [2016]), defendant failed to preserve his contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction (see People v Fernandez, 218 AD3d 1257, 1259 [4th Dept 2023], lv denied 40 NY3d 1012 [2023]; People v Toney, 153 AD3d 1583, 1584 [4th Dept 2017], lv denied 30 NY3d 1064 [2017]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Although not explicitly stated in the published memorandum, we previously concluded in People v Blount (239 AD3d 1426, 1427 [4th Dept 2025], lv denied 44 NY3d 981 [2025]) that a defendant's valid waiver of the right to appeal precludes our review of a contention that the [*2]court erred in declining to remove the case to Family Court under CPL 722.23. Thus, we are precluded from reaching defendant's contention with respect to that issue here. The valid waiver of the right to appeal also precludes our review of defendant's challenge to the court's consideration of and denial of his request to be adjudicated a youthful offender (see Burch, 234 AD3d at 1247; People v Stackhouse, 214 AD3d 1303, 1304 [4th Dept 2023], lv denied 39 NY3d 1157 [2023]; Allen, 174 AD3d at 1457), his challenge to the severity of the sentence (see Lopez, 6 NY3d at 255-256; Burch, 234 AD3d at 1247), and his contention that the mandatory surcharge and fees imposed at sentencing should be waived pursuant to CPL 420.35 (2-a) (see People v Germinario, 237 AD3d 743, 743 [2d Dept 2025], lv denied 43 NY3d 1008 [2025]; People v Antoine B., 215 AD3d 496, 496 [1st Dept 2023], lv denied 40 NY3d 1012 [2023]; People v Naquan H., 213 AD3d 426, 427 [1st Dept 2023], lv denied 40 NY3d 930 [2023]).
Our dissenting colleagues assert that the otherwise valid waiver of the right to appeal does not preclude our review of one of the aforementioned contentions, i.e., defendant's contention with respect to the issue of removal to Family Court. More specifically, they assert, inter alia, that the waiver "does not bar our review" of that issue inasmuch as defendant did not knowingly, intelligently, and intentionally waive his right to challenge the court's removal determination. We respectfully disagree. We have previously rejected contentions that a "waiver of the right to appeal is invalid because the court failed to identify the precise claims that survived the waiver of appeal" (People v Wood, 217 AD3d 1407, 1408 [4th Dept 2023], lv denied 40 NY3d 1000 [2023]; see People v Giles, 219 AD3d 1706, 1706-1707 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]). Indeed, a court " 'need not expressly delineate for a defendant those appellate issues that are foreclosed by a waiver of the right to appeal, and those that survive, in order for the court to obtain a valid appeal waiver' " (People v Parker, 151 AD3d 1876, 1876 [4th Dept 2017], lv denied 30 NY3d 982 [2017]; see Giles, 219 AD3d at 1707). That is entirely consistent with what the Court of Appeals has repeatedly said on the matter—i.e., that it has "never required any particular litany explaining the finer distinctions in appeal waiver colloquies" (Thomas, 34 NY3d at 559 [emphasis added]; see People v Sanders, 25 NY3d 337, 341 [2015]; Lopez, 6 NY3d at 256).
Moreover, contrary to the assertion in the dissent, defendant's failure to expressly waive the opportunity for removal to Family Court pursuant to CPL 722.23 (4) has no bearing on whether he thereafter validly waived his right to appeal the court's ultimate removal determination. Waiver of the opportunity for removal under CPL 722.23 (4) and the waiver of the right to appeal are separate concepts. Indeed, if we were to follow the dissent's logic to its natural conclusion, we would be compelled to conclude, for example, that any defendant who unsuccessfully moved for the suppression of evidence—and therefore did not waive the issue—could, despite an otherwise valid waiver of the right to appeal, nevertheless raise an appellate challenge to the court's suppression determination unless the court specifically informed the defendant that the waiver of the right to appeal would encompass the issue. Such a conclusion, of course, is entirely at odds with existing precedent (see Giles, 219 AD3d at 1707; see also Parker, 151 AD3d at 1876; see generally People v Johnson, — NY3d &mdash, &mdash, 2025 NY Slip Op 06528, *2 [2025]).
Finally, despite some suggestions to the contrary, we read the dissent as agreeing that the right to challenge the removal issue on appeal may, in the proper case, be validly waived provided that there is express record evidence that the defendant knowingly and intelligently intended to do so. However, to the extent that the dissent also suggests that the removal issue survives a valid appeal waiver because it is jurisdictional in nature, we note that, contrary to the dissent's assertion, that issue is not unsettled before this Court (see generally People v Jacobs, — AD3d &mdash, — [Dec. 23, 2025] [4th Dept 2025]; cf. People v Aaron VV., — AD3d &mdash, &mdash, 2025 NY Slip Op 05018, *1-2 [3d Dept 2025]). Indeed, in previously concluding that the removal issue did not survive the valid waiver of the right to appeal, we necessarily concluded that the issue was not jurisdictional in nature (see Blount, 239 AD3d at 1427; cf. People v King, 147 AD3d 1540, 1541 [4th Dept 2017], lv denied 29 NY3d 1033 [2017]; see generally Thomas, 34 NY3d at 566).
All concur except Ogden and Nowak, JJ., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent. In our view, defendant's contention that County Court erred in declining to remove defendant's case to Family Court pursuant to CPL 722.23 is not encompassed by his waiver of the right to appeal. We further conclude that the [*3]court erred in granting the People's motion to prevent removal of the action to Family Court.
Preliminarily, we are compelled to address the "tortured jurisprudence" on waivers of the right to appeal (People v Thomas, 34 NY3d 545, 587 [2019, Wilson, J., dissenting in part and concurring in part], cert denied — US &mdash, 140 S Ct 2634 [2020]). "[T]he final and prompt conclusion of litigation is an important goal of public policy in criminal" matters (People v Seaberg, 74 NY2d 1, 8 [1989]). However, that goal remains unmet despite the use of appeal waivers, which have become "part and parcel of plea bargaining" and are required as part of nearly every plea (People v Batista, 167 AD3d 69, 81 [2d Dept 2018, Scheinkman, P.J., concurring], lv denied 32 NY3d 1169 [2019]).
Rather, as is the case here, appeal waivers invite an additional round of litigation during which an appellate court is required to sort out their validity. Moreover, appeal waivers too often foreclose meritorious arguments advanced by defendants—arguments that our Court internally evaluates despite the existence of an appeal waiver. Although finality in the resolution of criminal matters is an important public policy goal, we believe that goal must yield to effective judicial review in order to ensure that a defendant received the protections to which they were entitled. We cannot in good conscience conclude that expedience and finality outweigh those protections.
Appellate courts "have an integral role in reviewing the validity of appeal waivers" and are "vested with the responsibility" of ensuring that a defendant's waiver of the right to appeal was a knowing, intelligent, and voluntary choice (Thomas, 34 NY3d at 559 [internal quotation marks omitted]), considering "the age, experience and background of the accused" (id. at 560 [internal quotation marks omitted]). To that end, "[a]n appellate waiver is effective only when 'a defendant has a full appreciation' of its consequences, and a defendant 'must comprehend' that the appellate waiver is separate and distinct from the plea" (id. at 589-590 [Wilson, J., dissenting in part and concurring in part], quoting People v Bradshaw, 18 NY3d 257, 264 [2011]). To knowingly and intelligently waive a right, a defendant must have " 'a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it' " (Patterson v Illinois, 487 US 285, 292 [1988], quoting Moran v Burbine, 475 US 412, 421 [1986]).
The question of whether a defendant knowingly and intelligently waived their right to appeal has engendered countless appeals over what, in our view, is a largely unsolvable question. Even the Model Colloquy fails to properly ensure that a defendant is fully aware of—and fully comprehends—the nature of the rights being abandoned and the consequences of abandoning those rights. Indeed, unlike the Model Colloquy on guilty pleas (see NY Model Colloquies, Plea of Guilty) the Model Colloquy on waivers of the right to appeal (see NY Model Colloquies, Waiver of Right to Appeal) does not include the necessary questions designed to assess a defendant's awareness and appreciation of the consequences of foregoing appellate rights in any particular case and thus does not allow a judge to "truly determine whether the defendant knows the rights waived and their import" (Thomas, 34 NY3d at 590 [Wilson, J., dissenting in part and concurring in part]). In short, the current practice—which forecloses meritorious arguments in appeals actually perfected, and perhaps discourages far more—is antithetical to a criminal justice system designed to ensure fairness to all who are touched by it.
Understanding, however, that appeal waivers are enforceable under our current jurisprudence (see Seaberg, 74 NY2d at 8; see also Thomas, 34 NY3d at 557) and assuming, arguendo, that defendant validly waived his right to appeal, we nevertheless consider whether defendant knowingly and intelligently relinquished his challenge to the court's removal determination as part of his waiver of the right to appeal. Under the circumstances of this case and contrary to the majority's conclusion, we conclude that he did not.
"A waiver is an intentional abandonment or relinquishment of a known right or advantage which, but for such waiver, the party would have enjoyed" (Alsens Am. Portland Cement Works v Degnon Contr. Co., 222 NY 34, 37 [1917]; see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982], rearg denied 57 NY2d 674 [1982]). "It is essentially a matter of intention" (Alsens Am. Portland Cement Works, 222 NY at 37 [emphasis added]; see McGuire v McGuire, 197 AD3d 897, 901 [4th Dept 2021]). To be enforceable, a waiver of the right to appeal in a criminal matter "must not only be voluntary but also knowing and intelligent" [*4](Seaberg, 74 NY2d at 11). Proper considerations in determining the validity of a defendant's waiver of the right to appeal include "the defendant's consultation with counsel[,] . . . on-the-record acknowledgments of understanding, a written appeal waiver that supplements or clarifies the court's oral advice[,] and the defendant's experience with the criminal justice system" (Thomas, 34 NY3d at 560).
Here, we conclude that defendant's waiver of the right to appeal does not bar our review of his challenge to the court's determination under CPL 722.23 because defendant never intended to relinquish his right to challenge the court's determination concerning his removal to Family Court and certainly did not knowingly and intelligently do so. Defendant's lack of intent is apparent on this record. Defendant did not waive the opportunity for removal to Family Court under CPL 722.23 (4), and defense counsel opposed the People's motion to prevent removal. Moreover, at the time of defendant's plea, defense counsel indicated that he had advised defendant that "limited things would survive [the] waiver of appeal, including . . . if the Court didn't have jurisdiction." Defendant now challenges the court's decision declining to remove this action to Family Court. As defendant's appellate counsel explained during oral argument, defendant—and, more to the point, defense counsel—believed that challenge to be jurisdictional, and defendant therefore argued that it survives even if his waiver of the right to appeal is valid.
Although the majority criticizes our reference to the fact that defendant did not waive the opportunity for removal under CPL 722.23 (4), we respectfully believe that their criticism misses the mark. There is a well-established "presumption against waiver by a defendant," and for a waiver to be enforceable, the record must show "an intentional relinquishment or abandonment of a known right or privilege" (People v Harris, 61 NY2d 9, 17 [1983]). Our reference to actions that defendant took concerning removal to Family Court before he agreed to the waiver of his right to appeal merely demonstrates that at no point in our record is there any indication that defendant intended to waive an opportunity for his case to proceed in Family Court, and we do not believe that, at the time he agreed to the appeal waiver, he knowingly and intelligently waived his right to challenge the court's ruling on the People's motion to prevent removal.
Given that "jurisdiction is a word of elastic, diverse, and disparate meanings" (Artibee v Home Place Corp., 28 NY3d 739, 747 [2017] [internal quotation marks omitted]; see also Henry v New Jersey Tr. Corp., 39 NY3d 361, 372 [2023]), defendant's point on appeal is well-taken: there is nothing settled about whether his challenge does, in fact, survive an otherwise valid and enforceable waiver (see People v Aaron VV., — AD3d &mdash, &mdash, 2025 NY Slip Op 05018, *2 [3d Dept 2025]; see generally People v Blount, 239 AD3d 1426, 1427 [4th Dept 2025], lv denied 44 NY3d 981 [2025]; Matter of Clark v Boyle, 210 AD3d 463, 467-468 [1st Dept 2022], lv denied 39 NY3d 974 [2023]). Even assuming, arguendo, that the majority is correct that this Court has since squarely settled that question, we cannot conclude on this record that defendant understood and appreciated that he was waiving his challenge to the court's removal determination. We therefore conclude that defendant did not voluntarily, knowingly, and intelligently waive his right to challenge the court's determination on the People's motion to prevent removal to Family Court under CPL 722.23 (1).
We further conclude that the court abused its discretion in granting the People's motion to prevent removal to Family Court. A motion to prevent removal must be denied unless the court makes a determination that "extraordinary circumstances exist that should prevent the transfer of the action to family court" (CPL 722.23 [1] [d]). The court's determination must include "findings of fact and to the extent practicable conclusions of law" (CPL 722.23 [1] [e]). Although the term "extraordinary circumstances" is not defined in the statute, the legislative history for CPL 722.23 reveals that, in making an extraordinary circumstances determination, the court should look at all the circumstances of the case, as well as all of the circumstances of the young person, including both mitigating and aggravating factors (see NY Assembly Debate on 2017 NY Assembly Bill A3009C, Apr. 8, 2017 at 39-40, 65).
In our view, although the court considered aggravating factors, it failed to consider relevant mitigating factors in reaching its determination. Defendant had no prior criminal history, had not received Family Court services, and had strong familial support. Further, defendant's role in the crime was minimal because he served only as the getaway driver and did not personally harm any individual (cf. People v Guerrero, 235 AD3d 1276, 1277 [4th Dept 2025]).
Upon our review of all the circumstances of the case, we conclude that this is not one of the "extremely rare and exceptional cases" that should remain in the Youth Part of criminal court (Aaron VV., — AD3d at &mdash, 2025 NY Slip Op 05018, *3 [internal quotation marks omitted]; see People v Lloyd F., — AD3d &mdash, &mdash, 2025 NY Slip Op 04583, *4 [2d Dept 2025]; NY Assembly Debate on 2017 NY Assembly Bill A3009C, Apr. 8, 2017 at 38). In our view, the People failed to establish that defendant's conduct falls outside the range of behavior that the Legislature presumed would be more appropriately addressed in Family Court (see Lloyd F., — AD3d at &mdash, 2025 NY Slip Op 04583, *5). Rather, defendant's behavior "exhibited the very characteristics of adolescent decision-making . . . that warrant the sensitive treatment of youth in the justice system" (Lloyd F., — AD3d at &mdash, 2025 NY Slip Op 04583, *6). We would therefore reverse the judgment, vacate the plea, deny the People's motion pursuant to CPL 722.23 (1) to prevent removal of the action to Family Court, and remit the matter to County Court for the entry of an order removing this action to Family Court.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court