People v Timmons (2026 NY Slip Op 01898)

People v Timmons

2026 NY Slip Op 01898

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, SMITH, NOWAK, AND DELCONTE,
JJ.

237 KA 24-00486

[*1]THE PEOPLE OF THE STATE OF NEW YORK,
RESPONDENT,
vDENNIS TIMMONS, DEFENDANT-APPELLANT. 

KELIANN M. ARGY, ORCHARD PARK, FOR DEFENDANT-APPELLANT.
VINCENT A. HEMMING, WARSAW (MATTHEW J. DILLON OF COUNSEL),
FOR RESPONDENT. 

 Appeal from a judgment of the Wyoming County Court (Melissa Lightcap
Cianfrini, A.J.), rendered January 24, 2024. The judgment convicted defendant, upon his
plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously
affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of
guilty, of assault in the second degree (Penal Law § 120.05 [7]). We note at the outset that defendant does not challenge the
validity of his waiver of the right to appeal (see People v Chambers, 243 AD3d 1289, 1289 [4th Dept
2025]). Although defendant's challenge to the voluntariness of the plea survives his
unchallenged waiver of the right to appeal (see People v McMurtry, 224 AD3d 1310, 1310 [4th Dept
2024], lv denied 41 NY3d 984 [2024]; People v Shaw, 133 AD3d 1312, 1313 [4th Dept 2015],
lv denied 26 NY3d 1150 [2016]), defendant failed to preserve his contention for
our review because he did not move to withdraw the plea or to vacate the judgment of
conviction (see People v
Fernandez, 218 AD3d 1257, 1259 [4th Dept 2023], lv denied 40 NY3d
1012 [2023]; People v
Toney, 153 AD3d 1583, 1583-1584 [4th Dept 2017], lv denied 30 NY3d
1064 [2017]). Contrary to defendant's further contention, this case does not fall within the
rare exception to the preservation requirement set forth in People v Lopez (71
NY2d 662, 666 [1988]; see
People v Santos, 230 AD3d 1586, 1586 [4th Dept 2024], lv denied 43
NY3d 932 [2025]). We decline to exercise our power to review defendant's contention as
a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Lastly, defendant's contention that County Court made an insufficient inquiry into the
circumstances of the offense, particularly the issue of intent, is actually a challenge
addressed to the factual sufficiency of the plea allocution (see People v Romanchik, 242
AD3d 1624, 1626 [4th Dept 2025]; People v Clemons, 201 AD3d 1355, 1355 [4th Dept 2022],
lv denied 38 NY3d 1032 [2022]). That contention is encompassed by defendant's
unchallenged waiver of the right to appeal (see People v Parsons, 199 AD3d 1486, 1486 [4th Dept
2021], lv denied 37 NY3d 1163 [2022]).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court